LERNER SHOPS OF NEVADA, INC., A NEVADA CORPO-
RATION, APPELLANT, v. JOSEPHINE PEGGY MARIN,
RESPONDENT.

No. 5152

February 2, 1967                    423 P.2d 398

*Bradley & Drendel,* of Reno, and *Jacob L. Rothstein,* of San Francisco, for Appellant.

*Irma Lang,* of Stateline, Nevada, for Respondent.

---

## OPINION

By the Court, ZENOFF, J.:

This is an appeal by Lerner Shops of Nevada, Inc., from a jury verdict in favor of the plaintiff, Josephine Peggy Marin.

Damages in the sum of $12,500 were awarded on Peggy's claim for false imprisonment and assault based upon her alleged detention by the manager of Lerner's store in Reno.

On November 23, 1964, Peggy, who was then twenty years old, went shopping with her sister, Marcellina, in Reno. In Lerner's store Marcellina made a down payment on a coat. Then she and Peggy went to a part of the store where ski jackets were sold. Peggy was wearing a ski jacket which she had purchased approximately a month earlier in J. C. Penney's. Peggy handed Marcellina her own ski jacket to hold and then tried on other ski jackets from the store rack. Marcellina, while waiting, reversed the hood on Peggy's jacket making it a different color than when they had entered Lerner's. After trying on the jackets Peggy then put on her own jacket, which was now different in appearance, and the two left the store. Lerner's at the time had in their rack ski jackets similar to Peggy's.

An employee of Lerner's, Solomon Harris, saw Peggy leave wearing a ski jacket which he believed he had seen her take off the store rack. He ascertained that it had not been sold to her and advised the store manager, Mr. Mandlestam. Together they left the store in search of Peggy and Marcellina and found them in Leed's shoe department next door to Lerner's. Mr. Mandlestam and Harris approached Peggy and her sister and Mandlestam asked Peggy if she had been in Lerner's store, to which she answered in the affirmative. He then asked both girls to accompany him back to Lerner's. Mr. Mandlestam and Harris walked back to Lerner's followed by Peggy and Marcellina. The girls returned without protest.

It appears undisputed that Mandlestam is a soft spoken person, not overpowering in physical appearance. He did not threaten force or violence in any sense, nor was an arrest attempted. Back at Lerner's the manager asked Peggy to remove her jacket, which she did without protest. He looked at the jacket and Peggy told him that she bought it at Penney's. While inspecting the jacket he also looked at Peggy's wallet in the pocket of the coat before returning it to plaintiff who thereafter left the store with her sister.

Peggy commenced an action for false imprisonment, among other claims, alleging that because of the shock and humiliation occasioned by her detention, she has suffered nausea and headaches which have continued to the time of trial. In its answer

Lerner's asserted the defense of NRS 598.030,[1] Nevada's shop lifting law. The statute is designed to give relief to shop keepers who have reason to believe that their merchandise is being pilfered, by allowing them to reasonably detain a suspect without subjecting themselves to civil liability.

The trial court refused to instruct the jury on the existence of NRS 598.030, thus, not allowing that defense. Lerner's principal ground for appeal is based on this denial, Other alleged errors were asserted, but we are of the opinion that the refusal to allow the instruction was error so prejudicial that the action must be reversed and remanded for a new trial.

1. False imprisonment is a restraint of one's liberty without any sufficient cause therefor. Zayre of Virginia, Inc. v. Gowdy, 147 S.E.2d 710 (Va. 1966). As defined in NRS 200.460 false imprisonment (as a crime) is an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority. It is generally acknowledged that submission to the mere verbal direction of another, unaccompanied by force or threats of any character, does not constitute false imprisonment. Grayson Variety Store, Inc. v. Shaffer, 402 S.W.2d 424 (Ky. 1966).

There is a split of authority on whether or not in the absence of statute probable cause (or reasonable grounds for detention) is a defense in an action for false imprisonment. The sounder position is that where a person has reasonable grounds to believe that another is stealing his property he is justified in detaining him for a reasonable time in order to investigate. Collyer v. S. H. Kress Co., 54 P.2d 20 (Cal. 1936); Bettolo v. Safeway Stores, 54 P.2d 24 (Cal. 1936).

In view of the existence of NRS 598.030, we do not know from the record why the trial court refused to instruct the jury in accordance with the statute. The legislation is consistent with the desire of society to assist the store owner in reducing the

---

[1]NRS 598.030(3) provides: "Any merchant who has probable cause for believing that merchandise has been wrongfully taken by an individual and that he can recover such merchandise by taking such individual into custody and detaining him may, for the purpose of attempting to effect such recovery or for the purpose of informing a peace officer of the circumstances of such detention, take the individual into custody and detain him, on the premises, in a reasonable manner and for a reasonable length of time. Such taking into custody and detention by a merchant shall not render such merchant criminally or civilly liable for false arrest, false imprisonment, slander or unlawful detention unless such taking into custody and detention are unreasonable under all the circumstances."

mounting problem of loss from shop lifting. Without the protection of the statute a store owner in detaining a suspected shoplifter to recover property which may be worth only a few dollars risks liability in much greater sums in damages.

We find no restraint by the employees of Lerner's in Leed's. Peggy could easily have refused to accompany Mandlestam back to Lerner's but instead she went willingly. There is nothing in the record to justify her contention that she was placed in fear at that time. The restraint of freedom must be against the plaintiff's will and the intent to confine is an essential element. Prosser, Torts, Sec. 12 (1955). Having voluntarily returned to the Lerner store it then became the responsibility of the jury to determine whether the detention in Lerner's was reasonable, since the facts were subject to conflicting interpretations. This determination could not be justly made without allowing the appellant its only real defense, probable cause for the detention in Lerner's. It was entitled to an instruction on this point.

2. Peggy's claim for damages was allegedly founded on shock, humiliation, nausea, headaches, depression, worry, loss of confidence, erratic eating habits, and loss of reputation. As to damages, the trial court instructed the jury: "You may consider the following items of damage which may be recovered for false imprisonment if you find for the plaintiff: The physical discomfort during the imprisonment, the inconvenience to her, mental suffering, embarrassment and humiliation, resulting in physical or mental illness, or any harm done to her reputation. *You may also consider, in determining the amount of your award, such future pain and suffering as may reasonably be expected to follow from the confinement.*" (Emphasis supplied.)

A successful plaintiff is entitled to compensation for all the natural and probable consequences of the wrong, including injury to the feelings from humiliation, indignity and disgrace to the person, and physical suffering. The injury to health may be due to mental suffering. Great Atlantic & Pacific Tea Co. v. Smith, 136 S.W.2d 759 (Ky. 1940); Boies v. Raynor, 361 P.2d 1, 3 (Ariz. 1961). This court, however, has limited the claim for future pain and suffering arising from subjective physical injury, and in such cases the claim must be substantially supported by expert testimony to the effect that future pain and suffering is a probable consequence rather than a

mere possibility. Curti v. Franceschi, 60 Nev. 422, 111 P.2d 53 (1941); Gutierrez v. Sutton Vending Serv., 80 Nev. 562, 397 P.2d 3 (1964). To this extent, the emphasized portion of the instruction was erroneous because Peggy's symptoms were not related to physical injury.

Other assignments of error are found to be without merit.

Reversed and remanded for new trial.

THOMPSON, C. J., and COLLINS, J., concur.