449 So.2d 1177 (1984)
Doris Wiley HARRELL, et al., Plaintiffs-Appellees,
v.
EMPIRE FIRE AND MARINE INS. CO., et al., Defendants-Appellants.
No. 16149-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1178 Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for defendants-appellants.
Blackwell, Chambliss, Hobbs & Henry by Sam O. Henry, III, West Monroe, for plaintiffs-appellees.
Before MARVIN, McCLENDON and NORRIS, JJ.
MARVIN, Judge.
In this appeal of a judgment in a wrongful death action awarding damages to decedent's widow and major children, defendant contends that the award for loss of support should be reduced and that the award for decedent's pain and suffering should be disallowed.
We amend the judgment to delete the award for decedent's pain and suffering because plaintiffs did not prove that decedent was conscious when he suffered death by drowning. Otherwise, we affirm.

FACTS
The 65-year-old decedent had been a Jack's Cookie distributor for most of his adult life. About three months before his fatal accident he transferred his business to his son and went into "semi-retirement," consulting with and helping his son in some respects for a salary of $125 per week. On the afternoon of November 10, 1982, decedent was driving a truck belonging to the business when it was knocked from the highway when defendant's tractor-trailer violently ran into the rear end of the truck. The truck overturned in a ditch off the highway and decedent's body was found in the truck when it was removed from the water.
The Richland Parish Coroner, who saw the body in a hospital emergency room shortly after it was recovered, found a "loose" upper jawbone and a laceration through the soft tissue of the right frontal area of decedent's forehead. He determined *1179 that decedent died from asphyxia secondary to drowning. The coroner said that it was possible that decedent was unconscious when he drowned and that there was no evidence, such as is sometimes found in other drowning cases (the hand or hands clutching something or the palm being cut by the fingernails) that would forensically prove that decedent was conscious and struggling when he drowned.

THE SURVIVAL ACTION
The trial court erred in awarding damages for decedent's pain and suffering before death. Plaintiffs had the burden of proving by a preponderance of the evidence that the decedent was conscious following the impact and before he drowned. See Chausse v. Southland Corp., 400 So.2d 1199 (La.App. 1st Cir.1981), writ den., and McDaniel v. Welsh, 234 So.2d 833 (La.App. 1st Cir.1970), writ ref.
The testimony of the coroner and his description of the physical state of the body after death does not preponderate that decedent was conscious, but indicates to the contrary. Plaintiffs did not meet their burden of proof. Compare Scott v. State, Dept. of Transp. and Develop., 424 So.2d 284 (La.App. 1st Cir.1982), writ den., where an assistant coroner gave expert testimony to the contrary.

LOSS OF SUPPORT
Defendant contends that the trial court's award of $27,957 is excessive because it was based on a period greater than the projected work life expectancy of decedent.
Plaintiffs' economic expert determined decedent's work life expectancy was 3.4 years and his life expectancy was 13.9 years. Defendant's economic expert determined the same work life expectancy and did not estimate loss of earnings past the work life expectancy. Each expert discounted his gross figures and allowed for personal consumption. Plaintiffs' expert used a 25 percent consumption rate as opposed to the 30 percent rate of defendant's expert. Plaintiffs' expert used a 6½ percent discount factor while defendant's expert used 10 percent. Using decedent's life expectancy and the factors mentioned, plaintiffs' expert opined that $42,528 was an appropriate figure for future loss of support. Using only the work life expectancy and the factors mentioned, defendant's expert concluded that $10,701 was appropriate. The respective estimates of the experts for loss of support from the time of the accident to the date of the trial were more closely aligned, $2,906 and $2,684.
The trial court's award was for total loss of support and did not distinguish between the periods before and after trial. Considering that the business that was transferred to his son was near decedent's home, the closeness of the relationship, and the son's testimony that it would endure "forever," we cannot say that the trial court's award of $27,957 constitutes a clear abuse of discretion. See Reck v. Stevens, 373 So.2d 498 (La.1979).

DECREE
We amend the judgment to delete the $15,000 award in the survival action and, as amended, affirm the judgment. Costs of this appeal are assessed one-half to each group of litigants.