WILLARD ALLEN KLEITZ, APPELLANT, *v.* ELLEN RASKIN, MURRAY RASKIN, DBA ECONOMY FOOD SERVICE, RESPONDENTS.

No. 16904

June 25, 1987                                                738 P.2d 508

*Crockett & Myers, Jonathan C. Reed, James Lavelle, Lorraine J. Mansfield,* Las Vegas, for Appellant.

*Leavitt & Leavitt,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Kleitz was injured in an automobile accident on December 23, 1981. Following the accident, Dr. Bentley examined Kleitz and determined that he was suffering from a loss of lumbar curve due to muscle spasm. Dr. Bentley examined Kleitz again on January 21, 22 and 25, 1982, determining on the last visit that Kleitz should be hospitalized. Dr. Bentley thought it a good possibility that Kleitz had a herniated disc. En route to the hospital on January 25th, Kleitz was in a second automobile accident. The driver of the other car in the second accident was respondent Ellen Raskin.

In 1985, Kleitz brought suit against the persons involved in the first accident and respondents Ellen and Murray Raskin, dba Economy Food Service ("Raskin"). Kleitz settled with the first accident defendants, but reserved his rights against Raskin. Raskin moved for summary judgment, alleging that the second accident did not cause additional injury to Kleitz. Raskin supported her motion with the deposition testimony of Dr. Bentley, who stated that he examined Kleitz before and after the second accident and found his condition to be unchanged. Kleitz moved for partial summary judgment on a legal issue, asking the trial court to conclude that "[i]f two unrelated tortfeasors, in separate

auto impacts, produce an injury to the Plaintiff which cannot be apportioned between the two impacts, both are jointly and severally liable to the Plaintiff." Kleitz represented to the trial court that Dr. Gordon, the physician who operated on Kleitz after the second accident, would testify at trial that one or both of the automobile accidents caused Kleitz's herniated disc and it was medically impossible to apportion causation between the two. Kleitz offered to reduce Dr. Gordon's proposed testimony to affidavit form, but the trial court felt it unnecessary. The trial court granted Raskin's motion for summary judgment, concluding that "in as much [sic] as Plaintiff cannot apportion damages as between tortfeasors, the jury would have nothing upon which to base a reasoned opinion as to damages to be awarded in the event liability was established."

In our view, this appeal presents two related issues of law: When a plaintiff allegedly suffers a single injury from automobile accidents occurring one month apart, in order to recover from the second accident defendants, must plaintiff prove (a) that the second accident defendants' breach of duty was a cause of his injury, and (b) what portion of his damages is apportionable to the second accident defendants' negligence? We conclude that in the facts of this case, plaintiff must prove that the second accident defendants' actions were a cause of the injury. Once this is established, the burden shifts to the defendant to apportion damages. If the defendant fails to meet his burden, he is jointly and severally liable for the entire amount of damages attributable to the injury.

A case on point is Phennah v. Whalen, 621 P.2d 1304 (Wash.Ct.App. 1980). In *Phennah,* plaintiff was injured in two automobile accidents occurring approximately four months apart. Trial testimony established that both accidents caused plaintiff's injury, but there was no basis for segregating damages among the causes. *Id.* at 1306. The issue before the court was whether plaintiff was required "to proffer an evidentiary basis for the segregation of damages among successive tortfeasors." *Id.* at 1305. The court held that

> Once a plaintiff has proved that each successive negligent defendant has caused some damage, the burden of proving allocation of those damages among themselves is upon the defendants; if the jury find [sic] that the harm is indivisible, then the defendants are jointly and severally liable for the entire harm.

*Id.* at 1310.

We agree with the result reached in *Phennah.* A similar princi-

ple is found in § 433B(2) of the Restatement.[1] The Restatement explains that the rationale for placing upon the defendant the burden of apportioning damages is that "as between the proved tortfeasor who has clearly caused some harm, and the entirely innocent plaintiff, any hardship due to lack of evidence as to the extent of the harm caused should fall upon the former." Restatement (Second) of Torts § 433B comment d (1965).

As is evident from both the Restatement § 433B(2) and *Phennah,* before the burden shifts to the defendant to apportion damages, plaintiff must establish that defendant's actions were a cause of his injury.[2] The basis of Raskin's motion for summary judgment was that the second accident did not cause any aggravation to the injury sustained in the first accident. The trial judge did not reach this issue because he erroneously concluded that Kleitz must offer an evidentiary basis for apportionment of damages, and Kleitz admittedly could not do so. Based on the present state of the record, it is not clear whether Kleitz can demonstrate a genuine issue of fact with regard to whether the second accident was a cause of his injury. Kleitz failed to develop adequately his evidence on this issue, but this was at least in part due to the trial court's erroneous conclusion. We therefore reverse, but note that Raskin may renew his motion for summary judgment, at which time Kleitz must demonstrate a genuine issue of fact concerning whether the second accident contributed to his injury.

GUNDERSON, C. J., and STEFFEN, YOUNG, and MOWBRAY, J.J., concur.

---

[1] The Restatement (Second) of Torts § 433B (1965) provides:

*Burden of Proof.*

(1) Except as stated in Subsections (2) and (3), the burden of proof that the tortious conduct of the defendant has caused the harm to the plaintiff is upon the plaintiff.

(2) Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor.

[2] Restatement (Second) of Torts § 433B(3) (1965) describes circumstances in which the burden shifts to the defendant to show not only apportionment of damages but causation. In our view, this legal principle applies when two separate tortfeasors act near simultaneously and it is unclear which one of the two caused the injury. *See* Restatement (Second) of Torts § 433B comment h (1965). *See, e.g.,* Summers v. Tice, 199 P.2d 1 (Cal. 1948). In the instant case, this rule of law does not apply.