**Terry E. PITMAN, individually and as Personal Representative of the Estates of Dallas W. Pitman and O. Scharlene Pitman and Virginia Pitman Ristau, individually, and Donald T. Pitman, individually, Plaintiffs,**

v.

**Thomas Wood THORNDIKE and Sunflower Carriers, Inc., a Nebraska corporation, Charles J. Maly, James A. Maly and Arlene Maly, Defendants.**

**No. CV–N–90–233–ECR.**

United States District Court, D. Nevada.

Feb. 20, 1991.

Lawrence J. Semenza, Reno, Nev., and Mileta Biese, Milwaukee, Wis., for plaintiffs.

William G. Cobb, Reno, Nev., for Sunflower Carriers, Inc.

Robert A. McQuaid, Jr., Reno, Nev., for defendant Thorndike.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Defendant SUNFLOWER CARRIERS, INC. made a Motion to Dismiss/Motion to Strike (document # 8), filed June 29, 1990, which defendant THOMAS WOOD THORNDIKE joined by a motion (document # 12) filed July 3, 1990. This motion was rendered moot by the filing of the First Amended Complaint (document # 30) on October 16, 1990. *See* Minute Order dated October 16, 1990 (document # 29). Both defendants moved to renew their motion (document # 39a), and this Court granted their motion to renew (document # 42). The renewed motion is now ready for decision by this Court.

Defendants move to dismiss or to strike plaintiffs' claims for hedonic damages—damages for the loss of enjoyment of life. Defendants argue that Nevada's wrongful death statute, N.R.S. § 41.085, does not permit recovery for hedonic damages. The pertinent part of Nevada's statute provides, "[T]he court or jury may award each [heir] pecuniary damages for his grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent." N.R.S. § 41.085(4). Hedonic damages, for the loss of enjoyment of life, are nowhere listed.

Plaintiffs respond that hedonic damages are included because they are part of pain and suffering, but they should be considered separately to clarify the issue of damages for the jury.

The Nevada Supreme Court has stated that since the common law provided no wrongful death action, Nevada's statutory remedy is exclusive. *Wells, Inc. v. Shoemake,* 64 Nev. 57, 177 P.2d 451 (1947). Furthermore, the *types* of damages listed therein are exclusive. *Wells, Inc.,* 64 Nev. at 66, 177 P.2d 451 ("The statute provides the only measure of damages.") (decided under similar old statute); *see also Moyer v. United States,* 593 F.Supp. 145 (D.Nev. 1984) (only types of pecuniary damages available are those listed). Unlike some wrongful death statutes, which provide for damages in expansive terms, *see, e.g.,* Miss. Code Ann. § 11-7-13 (1972) (parties suing "shall recover such damages as the jury may determine to be just, taking into consideration all damages of every kind to the decedent"), and can easily be construed to include hedonic damages, *see, e.g., Jones v. Shaffer,* 573 So.2d 740 (Miss.1990) (Robertson, J., concurring) (not yet released for publication), Nevada's statute explicitly lists the damages available. Thus, the issue is basically a question of statutory interpretation—whether hedonic damages are included in the damages listed in Nevada's wrongful death statute.

As plaintiffs apparently recognize, the only possible element that could include decedents' loss of the enjoyment of life is the provision for recovering the pain and suffering of a decedent. Nevada courts

have not yet addressed the question of whether hedonic damages are a part of pain and suffering. In predicting what a Nevada court would do, we look to other jurisdictions. Some courts have held that the loss of the enjoyment of life is included in pain and suffering, *see, e.g., McDougald v. Garber,* 73 N.Y.2d 246, 536 N.E.2d 372, 538 N.Y.S.2d 937 (1989) (loss of enjoyment of life within traditional broad meaning of pain and suffering); *Judd v. Rowley's Cherry Hill Orchards, Inc.,* 611 P.2d 1216 (Utah 1980); *Willinger v. Mercy Catholic Medical Center,* 482 Pa. 441, 393 A.2d 1188 (1978), while others consider it conceptually separate, *see, e.g., Thompson v. National R.R. Passenger Corp.,* 621 F.2d 814, 824 (6th Cir.1980), *cert. denied,* 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980).

We need not decide, however, whether hedonic damages are included in pain and suffering.

## I. HEDONIC DAMAGES THAT ARE A PART OF PAIN AND SUFFERING MUST BE CONSCIOUSLY EXPERIENCED

■ The vast majority of jurisdictions require pain and suffering to be consciously experienced. *See, e.g., Luna v. Southern Pac. Transp. Co.,* 724 S.W.2d 383, 385 (Tex.1987); *Harrell v. Empire Fire & Marine Ins. Co.,* 449 So.2d 1177 (La.Ct.App. 1984). This comports with the ordinary meanings of the terms "pain" and "suffering," which assume conscious awareness. Indeed, most of the cases that have held that hedonic damages are a part of pain and suffering have also explicitly required that they be consciously experienced. *See, e.g., McDougald,* 538 N.Y.S.2d at 375, 536 N.E.2d at 940 ("cognitive awareness is a prerequisite to recovery for loss of enjoyment of life"); *Willinger,* 393 A.2d at 1190 ("compensation for the loss of life's amenities is recoverable only if the victim survives the accident").

This Court is not convinced that the Nevada case *Lerner Shops v. Marin,* 83 Nev. 75, 423 P.2d 398 (1967), cited by defendants, stands for the proposition that pain and suffering must be consciously experienced. *Lerner Shops* only stated that future pain and suffering must be shown to be a probable consequence of an injury and not merely a possibility. If pain and suffering need not be consciously experienced, it could still be shown that a decedent's loss of the enjoyment of life was a probable consequence of his injury.

Nevertheless, this Court is convinced that a Nevada court would follow the majority of other jurisdictions, and require pain and suffering to be consciously experienced. This conclusion is not only supported by the ordinary interpretation of the terms, but also by the legislative history of the Nevada wrongful death statute. The original version of the bill to amend the wrongful death statute explicitly ruled out recovery for pain and suffering of the decedent. S. 99, § 1 (January 24, 1979), Defendant Thorndike's Reply (document # 22), Exhibit A. However, the bill was apparently changed to the version presently enacted after the Nevada Trial Lawyers Association opposed the original version of the bill, because it would have eliminated the right to *"CONSCIOUS PAIN AND SUFFERING." See Hearings on S. 99 before the Nevada State Senate Judiciary Comm.* (January 31, 1979) (Attachment C, Letter of Peter Neumann), Defendant Thorndike's Reply (document # 22), Exhibit C (emphasis added). There is a strong inference that the legislature only intended to provide for what was requested—*conscious* pain and suffering.

This Court cannot consider any loss of the enjoyment of life after a decedent's death to be consciously experienced. Therefore, damages for such a loss would not be recoverable as a part of pain and suffering.

## II. WHAT IS NOT INCLUDED IN PAIN AND SUFFERING IS NOT INCLUDED IN THE STATUTE

Because the wrongful death statute provides the exclusive remedy, and because the list of damages in the statute is exclusive, and because pain and suffering is the only term that could encompass the hedonic damages sought here, any hedonic dam-

ages that are not included in the term pain and suffering cannot be recovered. This is true despite the existence of possibly valid arguments for awarding hedonic damages. For example, some feel that awarding hedonic damages is necessary to create the proper incentives. *See, e.g.,* Note, *Hedonic Damages for Wrongful Death: Are Tortfeasors Getting Away with Murder?,* 78 Geo.L.J. 1687 (1990); Smith, *Hedonic Damages in Wrongful Death Cases,* 74 A.B.A. J. 70 (1988). It is also important to distinguish cases involving other causes of action. *See, e.g., Sherrod v. Berry,* 827 F.2d 195 (1987) (affirming admission of evidence of hedonic value of life in § 1983 action), *reh'g granted and vacated,* 835 F.2d 1222 (7th Cir.1988), *rev'd on other grounds,* 856 F.2d 802 (7th Cir.1988) (en banc). Whatever reasons exist for awarding hedonic damages in other contexts, here we are construing Nevada's wrongful death statute, and are therefore constrained by the Nevada Supreme Court's interpretation of that act as exclusive.

### III. CONCLUSION

Pain and suffering, to be compensable in a Nevada wrongful death action, must be consciously experienced. Thus, under the provision for pain and suffering, plaintiffs can only recover for that part of the decedents' "loss of the hedonic value of human life," that was consciously experienced before death. Furthermore, as the list of recoverable damages is exclusive, and pain and suffering is the only term that could encompass this loss, plaintiffs cannot recover for any other part of the loss.

Plaintiffs' complaint also seeks damages "for the pain and suffering of [sic] disfigurement" of the decedents. *See* First Amended Complaint (document # 30), at 13. As this term will encompass any "loss of the hedonic value of human life" for which plaintiffs can recover, this Court finds the latter term partially redundant, and partially immaterial, and accordingly will strike it pursuant to Fed.R.Civ.P. 12(f). The motion to dismiss this claim is thus rendered moot, and will accordingly be denied.

IT IS, THEREFORE, HEREBY ORDERED that defendants' Motion to Strike is GRANTED, and Paragraph XXV, item 5, of Plaintiffs' First Amended Complaint (which was Paragraph XXIV, item 5, of the original complaint), is STRICKEN. Defendants' Motion to Dismiss is DENIED as moot.