OPINION
 

 Per Curiam:
 

 This appeal concerns an action for personal injuries brought by appellant Jacqueline Quintero against respondent Jerry McDonald and Dan McKennery. Although the jury found both McDonald and McKennery at fault, the jury awarded Quintero no damages. The district court denied Quintero’s motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The sole assignment of error on appeal arises from the failure of the jury to award damages.
 

 FACTS
 

 Quintero alleged below that she was injured when a motor vehicle operated by McKennery, in which she was a passenger, was struck from the rear by a vehicle operated by McDonald. It is undisputed that the accident occurred when both drivers were attempting to exit marked parking spaces in a commercial parking lot. The impact caused only minor damage to both vehicles.
 

 Shortly after the accident, Quintero retained an attorney and thereafter sought medical treatment for her alleged injuries. She sporadically underwent chiropractic treatment for approximately three months.
 

 Quintero thereafter filed her action against McKennery and McDonald, primarily claiming neck and back injuries. Quintero entered into a pre-trial settlement of her claim against McKennery in exchange for a monetary payment of $1,200.00.
 

 
 *1183
 
 Quintero proceeded to trial on her claim against McDonald. She presented evidence of severe neck and back pain following the accident, a formal diagnosis of “whiplash,” and medical expenses of $1,885.00. Defense evidence indicated that Quintero continued to perform housekeeping and babysitting chores following the accident, confirmed several lapses in her chiropractic treatment, and confirmed her involvement in a separate accident in which she sustained similar injuries the previous year.
 

 The jury apportioned liability as follows: 65% to McDonald; 35% to McKennery;
 
 [1]
 
 and 0% to Quintero. The jury, however, awarded no damages. Quintero filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The district court denied the motion, and this appeal followed.
 
 [2]
 

 DISCUSSION
 

 A jury is permitted wide latitude in awarding tort damages, and the jury’s findings will be upheld if supported by substantial evidence.
 
 See
 
 Prahbu v. Levine, 112 Nev. 1538, 1543, 930 P.2d 103, 107 (1996);
 
 see also
 
 Yamaha Motor Co. v. Arnoult, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998). Substantial evidence is “that which ‘a reasonable mind might accept as adequate to support a conclusion.’”
 
 Prahbu,
 
 112 Nev. at 1543, 930 P.2d at 107 (quoting State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986)). This court has stated that it “is not at liberty to weigh the evidence anew, and where conflicting evidence exists, all favorable inferences must be drawn towards the prevailing party.”
 
 Yamaha,
 
 114 Nev. at 238, 955 P.2d at 664.
 

 A new trial may be granted if there has been a manifest disregard by the jury of the instructions of the court.
 
 See
 
 Jaramillo v. Blackstone, 101 Nev. 316, 318, 704 P.2d 1084, 1085 (1985).
 

 Prior to closing arguments at trial, the district court granted McDonald’s motion to dismiss Quintero’s claims for future damages. Thus, the damages issue for the jury was limited to special
 
 *1184
 
 and general damages sustained prior to trial proceedings. As stated, the jury refused to award damages in any amount.
 

 In denying Quintero’s motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial, the district court stated:
 

 The jury decision is reasonable in light of facts brought out during trial. [The jurors] were free to conclude that although there was liability, there were no damages.
 

 Quintero contends that the district court erred by refusing to grant judgment notwithstanding the verdict or a new trial in light of the failure by the jury to award damages. In this connection, Quintero relies on a stipulation to the admission into evidence of her medical bills, that McDonald failed to procure the testimony of an expert, and that her evidence of damages was uncontro-verted. We disagree and conclude that the jury’s verdict is supported by substantial evidence.
 

 As noted, Quintero presented evidence that she incurred $1,885.00 in medical expenses. However, she offered no conclusive evidence of the reasonableness of the expenses or the necessity of the treatment. Although McDonald did not present expert testimony challenging causation, testimony elicited from Quintero’s witnesses on cross-examination controverted Quintero’s claim as to the extent of her injuries. Further, cross-examination of Quintero’s evidence revealed that Quintero suffered from a pre-existing back injury, which could have caused her symptoms.
 

 The credibility of witnesses and the weight to be given their testimony is within the sole province of the trier of fact.
 
 See
 
 McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). We conclude that a reasonable jury could have disbelieved Quintero’s testimony concerning her alleged pain and suffering and, thus, could have reasonably inferred that she was not injured as a proximate result of the accident. This is particularly true given the confirmed lapses in medical treatment following the accident and evidence of her post-accident activities, including child-care, cleaning, and swimming. Finally, even though the defense either stipulated to or did not controvert her damage evidence with independent witnesses, the jury was not bound to assign any particular probative value to any evidence presented.
 

 We therefore hold that, on the facts of this case, the jury was within its proper discretion in finding the accident was entirely the fault of the defendants, but refusing to award damages.
 

 
 *1185
 
 We therefore affirm the district court’s refusal to order a new trial.
 

 [1]
 

 NRS 41.141(3) prohibits apportionment of comparative negligence to settling parties. Thus, absent agreement by the parties, the issue of McKennery’s negligence should not have been submitted to the jury. This, however, does not affect the resolution of this matter on appeal.
 

 [2]
 

 An order denying a motion for judgment notwithstanding the verdict is not appealable.
 
 See
 
 Uniroyal Goodrich Tire v. Mercer, 111 Nev. 318, 320 n.1, 890 P.2d 785, 790 n.1 (1995) (citing Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981)). However, we will treat this matter as an appeal from the judgment entered in favor of the respondent and from the refusal of the district court to grant a new trial.
 
 See
 
 NRAP 3A(b).