This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

**v.**                                                          **No. A-1-CA-35916**

**NATHAN ROWLAND,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his convictions for aggravated assault with a deadly weapon and aggravated fleeing from law enforcement. We issued a notice of proposed

summary disposition proposing to affirm on February 28, 2017. Defendant responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

{2} Defendant first continues to argue that he was denied a fair trial when the district court judge improperly commented on his absence from the final stage of the trial. [MIO 3-5] The facts as stated in the docketing statement set out that Defendant was present at trial in the morning, at which time all witnesses testified, the district court heard the motion for directed verdict, and jury instructions were discussed. [DS 3] However, Defendant did not return to court after the lunch break. [DS 3] The district court ruled that Defendant had voluntarily absented himself from the proceedings, and the case should proceed in his absence. [DS 3] Prior to closing argument, the district court called a sidebar and asked the parties whether they wanted the court to make a statement to the jury regarding Defendant's absence. [DS 3] Defense counsel asked the district court to instruct the jury not to take Defendant's absence into account. [DS 3; MIO 3] The district court instead instructed the jury that Defendant had not returned after the lunch break even though he had been instructed to do so, and his lawyer could not locate him. [DS 3] The district court also instructed the jury that it could not take Defendant's absence into account. [DS 3] Defendant argues that the district court should have instructed the jury only that it could not

consider Defendant's absence, and he was denied a fair trial when the district court informed the jury that Defendant had violated a court order that it otherwise knew nothing about. [MIO 3]

{3}     In our notice of proposed summary disposition, we proposed to hold that this issue was not preserved. Defendant also stated that this issue was not preserved in his docketing statement. [DS 3] *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the trial court was fairly invoked."); *see also State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). In his memorandum in opposition, Defendant argues that his request to the district court that it instruct the jury not to take his absence into account was sufficient to preserve the issue. [MIO 3-4] We disagree. The district court did instruct the jury as Defendant requested. Defendant's objection now is to the extra, potentially prejudicial, information the district court relayed to the jury. Defendant made no specific objection to the district court's instruction or argue that he was being denied a fair trial by the district court's instructions. *See State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 ("To preserve an issue for review on appeal, it must appear that

appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

{4}    We therefore review this issue for plain or fundamental error. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citations omitted)); *State v. Southworth*, 2002-NMCA-091, ¶ 31, 132 N.M. 615, 52 P.3d 987 (stating that where an issue is not preserved it will only be considered as a basis for reversal if it amounts to fundamental or plain error). We hold that Defendant has not established that either fundamental or plain error occurred in this case. "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction." *State v. Watchman*, 2005-NMCA-125, ¶ 11, 138 N.M. 488, 122 P.3d 855 (internal quotation marks and citation omitted). As discussed below, Defendant has provided a brief recitation of the facts and evidence at trial. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain a statement of all facts relevant to consideration of the issues raised). As discussed below, the evidence appears sufficient to support Defendant's convictions for aggravated assault and aggravated fleeing a law enforcement officer. We do not believe that Defendant has met his burden to show fundamental error when his absence from trial was explained to the jury. *See State v. Astorga*, 2016-NMCA-015,

¶ 5, 365 P.3d 53 (stating that the burden of establishing fundamental error is on the party alleging it).

**{5}** Additionally, Defendant has not demonstrated plain error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error). In order to apply the plain error rule "there must be (1) error, that is (2) plain, and (3) that affects substantial rights." *State v. Paiz*, 1999-NMCA-104, ¶ 26, 127 N.M. 776, 987 P.2d 1163; *see* Rule 11-103(D) NMRA. We do not believe that the district court's factual explanation of Defendant's absence to the jury constituted plain error. *See Paiz*, 1999-NMCA-104, ¶¶ 19-20, 25 (finding plain error only where the district court judge excessively questioned witnesses, interrupted the defense counsel's questioning with a sarcastic question, which exhibited bias against the defendant and mischaracterized the evidence).

**{6}** Additionally, as Defendant requested, the district court instructed the jury to not take Defendant's absence into account. [DS 3] We presume that jurors follow the court's instructions. *See State v. Otto*, 2007-NMSC-012, ¶ 17, 141 N.M. 443, 157 P.3d 8 ("We presume that the jury followed the court's limiting instruction."); *see also State v. Smith*, 2001-NMSC-004, ¶ 40, 130 N.M. 117, 19 P.3d 254 (observing that the jury was instructed not to draw any inference of guilt from the fact that the defendant

did not testify and that such fact should not be discussed by the jurors or enter into their deliberations in any way, and stating that "[j]uries are presumed to have followed the written instructions"). We therefore reject this assertion of plain error.

{7} Defendant also continues to challenge the sufficiency of the evidence to support his convictions for both aggravated assault with a deadly weapon and aggravated fleeing a law enforcement officer. [MIO 5-8] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 *abrogated on other grounds by Kelsey v. Hatch*, 2010-NMSC-020, 237 P.3d 683.

{8} We believe the evidence in this case is sufficient to support both convictions. In order to convict Defendant of aggravated assault with a deadly weapon, the State

6

was required to prove beyond a reasonable doubt that: (1) Defendant pointed a firearm at the victim, (2) Defendant's conduct caused the victim to believe that Defendant was about to intrude on his bodily integrity or personal safety by touching or applying force to the victim in a rude, insolent, or angry manner, (3) a reasonable person in the same circumstances as the victim would have had the same belief, and (4) Defendant used a firearm. [RP 111] *See* UJI 14-305 NMRA (aggravated assault with a deadly weapon); *see also State v. Baldwin*, 2001-NMCA-063, ¶ 29, 130 N.M. 705, 30 P.3d 394 (stating that "[t]he jury instruction becomes the law of the case").

**{9}** The docketing statement and memorandum in opposition recite that the victim testified that Defendant pointed a gun at him. The victim was also shown a replica firearm and testified that it looked similar to what was pointed at him. [DS 4; MIO 1] This evidence is generally sufficient to support Defendant's conviction for aggravated assault with a deadly weapon. *See* NMSA 1978, § 30-3-2(A) (1963) (defining aggravated assault with a deadly weapon).

**{10}** The evidence is also sufficient to convict Defendant of aggravated fleeing a law enforcement officer. To meet its burden of proof, the State was required to prove that (1) Defendant operated a motor vehicle, (2) Defendant drove willfully and carelessly in a manner that endangered the life of another person, (3) Defendant had been given a visual or audible sign to stop by a uniformed law enforcement officer in an

appropriately marked law enforcement vehicle, and (4) Defendant knew that a law enforcement officer had given him an audible or visual signal to stop. [RP 112]

{11}    Based on the evidence as recited in the docketing statement and memorandum in opposition, at trial, Officer Jaime Serrano testified that Defendant sped past him, through a red light and several stop signs. [DS 4-5] Officer Serrano testified Defendant drove towards a multi-lane intersection where other vehicles were stopped at a red light. [MIO 2] There was also a car that had been merging at a green light when he and Defendant drove through the intersection on the red light, although this car did not have to swerve out of the way. [DS 5; MIO 2] Officer Serrano testified that he and Defendant drove through the intersection manouvering aroung the cars parked at the red light. [DS 5; MIO 2] We believe this evidence is generally sufficient to establish that Defendant drove willfully and carelessly in a manner that endangered the life of another. *See State v. Coleman*, 2011-NMCA-087, ¶ 22, 150 N.M. 622, 264 P.3d 523 (holding that the evidence was sufficient to show that the defendant endangered another where the defendant drove at high speeds, running stop signs through a residential area placing the lives of his passengers and the deputy in danger during the chase). *But see State v. Chavez*, 2016-NMCA-016, ¶ 16, 365 P.3d 61, *cert. granted* 2016-NMCERT-001, 370 P.3d 474 (finding insufficient evidence that the defendant endangered the life of another where the uncontroverted testimony of two

8

participating officers was that the pursuit did not create a public safety concern or place anyone in danger and other drivers only had to make simple evasive maneuvers in response to emergency lights).

{12}     For these reasons, we affirm Defendant's convictions.

{13}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**JULIE J. VARGAS, Judge**