# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN DIDIER,
Appellant,
vs.
ISAURO SOTOLONGO,
Respondent.

No. 76289

FILED

MAY 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment pursuant to a jury verdict in a short trial. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.[1]

Isauro Sotolongo sued John Didier on a negligence claim for injuries sustained in a vehicular accident. The case went to arbitration, and then to the short trial program. Sotolongo sought damages for past medical expenses and for pain and suffering. At trial, Didier admitted liability for the accident, but contested causation for the injury and liability for the damages. Sotolongo presented his treating chiropractor's written opinion, stated to reasonable degree of medical probability, that the accident caused the injury and that the chiropractor's treatment was reasonable and necessary. Didier did not present any evidence to counter this position. Sotolongo moved for judgment as a matter of law under NRCP 50(a). The short trial judge granted the motion in part.

As relevant here, the short trial judge concluded that because Sotolongo's treating provider had opined to a reasonable degree of medical

---

[1]Judge Craig B. Friedberg presided at the short trial.

19-23689

probability that certain medical treatments were reasonable and necessary, and because Didier presented no evidence to counter that assertion, Sotolongo had established causation and damages as a matter of law as to the chiropractic costs and MRI, totaling $9,349. The short trial judge accordingly instructed the jury to award a minimum of $9,349 for past medical expenses. The jury ultimately returned an award for $10,349 for past medical expenses and $10,000 for pain and suffering. With costs and interests, the total judgment against Didier was $25,316.28.[2] Didier appeals.

The sole issue on appeal is whether the short trial judge properly determined that as a matter of law Didier was liable for $9,349 because he failed to present evidence to rebut Sotolongo's chiropractor's opinion. Didier argues that under *Quintero v. McDonald*, 116 Nev. 1181, 14 P.3d 522 (2000) causation and damages were issues for the jury and that he did not have to present evidence to defend his position. Sotolongo counters that under the plain language of NRCP 50(a) and Nevada's case law, including *Quintero* and *Nelson v. Heer*, 123 Nev. 217, 163 P.3d 420 (2007), the short trial judge properly granted the motion where Sotolongo failed to present any evidence to counter Sotolongo's doctor's opinion. We agree that judgment as a matter of law was proper under the particular facts of this case.

We review de novo a decision on a motion for judgment as a matter of law, viewing all the evidence and drawing all inferences in favor of the nonmoving party. *D&D Tire v. Ouellette*, 131 Nev. 462, 466, 352 P.3d 32, 35 (2015). NRCP 50(a) states, in pertinent part,

---

[2]We do not recount the facts except as necessary to our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Thus, a court should deny judgment as a matter of law where there is conflicting evidence on a material issue, as it is for the jury to weigh the evidence, assess the credibility of the witnesses, and determine questions of fact. *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 839, 102 P.3d 52, 64 (2004). However, a party cannot defeat a motion for judgment as a matter of law unless the party has presented sufficient evidence by which the jury could grant relief. *D&D Tire*, 131 Nev. at 466, 352 P.3d at 35; *Nelson*, 123 Nev. at 222-23; 163 P.3d at 424.

Where the cause of an injury is not readily apparent, generally a qualified medical expert must establish causation. *See, e.g., Lord v. State*, 107 Nev. 28, 33-34, 806 P.2d 548, 551 (1991) (addressing whether a layperson could opine as to the cause of a victim's injury). Similarly, damages arising from a subjective injury also require expert testimony. *See, e.g., Lerner Shops of Nev., Inc. v. Marin*, 83 Nev. 75, 79-80, 423 P.2d 398, 401 (1967) (holding that a claim for damages for future pain and suffering arising from a subjective physical injury must be supported by expert testimony); *Gutierrez v. Sutton Vending Serv., Inc.*, 80 Nev. 562, 565-66, 397 P.2d 3, 4 (1964) (holding that when an injury is subjective and not demonstrable to others, future damages must be proved by expert medical testimony). Lower back pain is a subjective injury. *Sierra Pac. Power Co. v. Anderson*, 77 Nev. 68, 75, 358 P.2d 892, 896 (1961).

It follows that where a plaintiff presents an expert opinion establishing causation and damages for a subjective injury to a reasonable degree of medical probability, the defendant must thereafter provide an expert opinion that would tend to rebut the plaintiff's position. Stated another way, a defendant may not rely on layperson testimony to rebut an expert's opinion establishing causation for the injury and damages. *See, e.g., Lord*, 107 Nev. at 33-34, 806 P.2d at 551 (holding a lay person could not testify to causation for the injury); *Lerner Shops of Nev., Inc.*, 83 Nev. at 79-80, 423 P.2d at 401 (concluding that only expert testimony could establish damages); *cf. Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (addressing summary judgment and holding that where the moving party bears the burden of persuasion at trial and produces evidence entitling it to judgment as a matter of law, to defeat summary judgment the nonmoving party must introduce specific facts demonstrating that a genuine issue of material fact remains for the jury to determine).

Here, Sotolongo presented evidence from his treating chiropractor that the accident caused Sotolongo's injuries and that the treatment was reasonable and necessary. While Didier argued that this opinion was faulty, Didier failed to elicit any testimony or present any evidence that countered or undermined the chiropractor's opinion regarding causation and damages sustained by Sotolongo. Thus, Didier failed to produce any expert testimony or other evidence by which a reasonable person could choose to disregard the chiropractor's expert opinion as to either causation for the injury or to the amount of damages. *Cf. Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 530-31, 262 P.3d 360, 368 (2011) (holding that once the plaintiff has established his case, the

defendant may traverse the plaintiff's case by presenting expert testimony to contradict the plaintiff's causation theory)[3]; *Lerner Shops of Nev.*, 83 Nev. at 79-80, 423 P.2d at 401 (holding that a claim for damages arising from a subjective physical injury must be supported by expert testimony). This case is therefore distinguishable from other cases, such as *Quintero*, in which there was some evidence to support a finding in favor of the nonmoving party.[4] *See Quintero*, 116 Nev. at 1184, 14 P.3d at 523-24 (addressing conflicting testimony that controverted the plaintiff's claim as to the cause and extent of her injuries). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[3]Under *Williams* a defendant may also traverse the plaintiff's case by cross-examining the plaintiff's expert witness. 127 Nev. at 530-31, 262 P.3d at 368. That option was not available here, as the parties opted not to present expert testimony at trial. We recognize that in a short trial setting the parties are encouraged to submit written expert reports in lieu of expert testimony at trial, and that the short trial program was created to expedite civil trials. Short Trial Rules 1(1), 19(a). However, nothing in the short trial rules prevented Didier from obtaining a written report from a defense expert and submitting that evidence at trial to counter Sotolongo's expert's opinion.

[4]To the extent the short trial judge may have erred by concluding *Kleitz v. Raskin*, 103 Nev. 325, 738 P.2d 508 (1987), an apportionment case, controlled here, we still affirm where the court reached the right result. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (holding that we will affirm where the lower court reached the right result but for the wrong reasons).

cc: Hon. Kerry Louise Earley, District Judge
Dana Jonathon Nitz, Settlement Judge
Lemons, Grundy & Eisenberg
Law Offices of Karl H. Smith/Las Vegas
Richard Harris Law Firm
Eighth District Court Clerk