# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
MARCHAI B.T., A NEVADA BUSINESS
TRUST,
Respondent/Cross-Appellant.
vs.
WYETH RANCH COMMUNITY
ASSOCIATION,
Cross-Respondent.

No. 82771

FILED

NOV 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

SFR INVESTMENTS POOL 1, LLC,
Appellant,
vs.
MARCHAI B.T.,
Respondent.

No. 83175

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment and postjudgment order after remand in a real property action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence.[1] *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

In *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 81, 459 P.3d 227, 232 (2020), we held that payments made by a homeowner can cure the default on the superpriority portion of an HOA lien

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-36091

such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property.[2] We also held in *Cranesbill Trust* that whether a homeowner's payments cured a superpriority default depends upon the actions and intent of the homeowner and the HOA. *Id.* at 80-81, 459 P.3d at 231.

In applying *Cranesbill Trust* following a remand from this court,[3] the district court found that the HOA applied the homeowner's payments to the assessments comprising the superpriority portion of the lien. We conclude that substantial evidence supports this finding. *Radecki*, 134 Nev. at 621, 426 P.3d at 596. Although an employee of the HOA's management company testified that the HOA applied the homeowner's payments to the most recent assessments first such that the payments did not cure the default on the superpriority lien, documentary evidence contradicted that testimony. We will not disturb the district court's weighing of that evidence. *Quintero v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) (refusing to reweigh evidence on appeal). Thus, consistent with *Cranesbill Trust*, the district court correctly determined that the homeowner's payments cured the superpriority default such that the foreclosure sale did not extinguish the first deed of trust. Based on this conclusion, we need not address the district court's equitable analysis. And although SFR argues that it is protected as a bona fide purchaser, we have

---

[2]We decline SFR Investments Pool 1, LLC's invitation to reconsider *Cranesbill Trust*.

[3]*SFR Invs. Pool 1, LLC v. Marchai B.T.*, No. 74416, 2020 WL 1328985 (Nev. Mar. 18, 2020) (Order Vacating Judgment and Remanding).

previously rejected a similar argument.[4]  *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612-13, 427 P.3d 113, 121 (2018).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:     Chief Judge, Eighth Judicial District
        Department 11, Eighth Judicial District
        Thomas J. Tanksley, Settlement Judge
        Hanks Law Group
        Lipson Neilson P.C.
        David J. Merrill, P.C.
        Eighth District Court Clerk

_____

[4]In its cross-appeal, Marchai raises arguments that only need to be considered if we do not affirm the district court's judgment.  As we are affirming, we do not address those arguments.  And although SFR also appealed from a postjudgment order regarding the retaxing and settlement of costs, it presents no argument regarding that order such that we necessarily affirm it.

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

Supreme Court
OF
Nevada

(O) 1947A