**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE A. CLEMONS, | No.   24-510 |
| Plaintiff - Appellant, | D.C. No. 2:19-CV-0248-JCM-EJY |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 4, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Julie A. Clemons ("Clemons") appeals the district court's award of $4,320.12

for her negligence claim against the United States. Clemons sued the United States

under the Federal Tort Claims Act for negligence, alleging that she suffered injuries

to her back, shoulder, and head, as well as emotional distress and pain and suffering,

after she was rear-ended by United States Army Sergeant Marcus Brandt. The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

United States conceded liability, and after a five-day bench trial, the district court awarded Clemons $4,320.12 in damages for "reasonable and necessary past medical expenses," but found that Clemons did not present sufficient evidence to support the remaining $5,178,878.72 in claimed damages. On appeal, Clemons argues that the district court erred by excluding her treating physician's testimony and denying all damages for her subjective injuries. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's imposition of discovery sanctions for abuse of discretion, "any factual findings related to that sanction . . . for clear error," and legal determinations de novo. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011); *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739 (9th Cir. 2021). The district court's damages award is reviewed for clear error. *Simeonoff v. Hiner*, 249 F.3d 883, 893 (9th Cir. 2001). "If the district court's conclusion is plausible in light of the record viewed in its entirety, then it is not clearly erroneous." *Id*. (cleaned up).

1.     The district court did not abuse its discretion by excluding Clemons's treating physician's testimony. The district court excluded Dr. Snyder's testimony under Rule 37 because Clemons did not identify Dr. Snyder as an expert witness, and Dr. Snyder did not submit an expert report. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (holding that "Rule 37(c)(1) forbids the

use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed" unless the party facing sanctions establishes that "its failure to disclose the required information was substantially justified or is harmless" (cleaned up)).

Clemons argued that, as her treating physician, Dr. Snyder could testify about her alleged traumatic brain injury ("TBI") and MRI scan without submitting an expert report. But a treating physician "is only exempt from Rule 26(a)(2)(B)'s written report requirement[1] to the extent that his opinions were formed during the course of treatment." *Goodman*, 644 F.3d at 826. Although Dr. Snyder treated Clemons's shoulder injuries, he did not treat her alleged brain injuries. Dr. Snyder's proposed testimony regarding Clemons's MRI scan and alleged TBI was beyond the scope of his treatment, and he was therefore required to submit a written report under Rule 26. Further, Clemons has not demonstrated—nor argued—that her failure to disclose was substantially justified or harmless. *See R & R Sails*, 673 F.3d at 1246. Thus, the district court properly exercised its "particularly wide latitude" to impose Rule 37 sanctions. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

---

[1]    An expert must provide a signed report under Rule 26 of "all opinions the witness will express" along with the expert's reasoning, and the "facts or data" the expert considered to reach his or her conclusions; but a treating physician who testifies about "opinions formed during the course of treatment need not submit a detailed expert report." *Merch.*, 993 F.3d at 739 (cleaned up).

1101, 1106 (9th Cir. 2001)).

2.      The district court did not clearly err when it denied Clemons damages for her subjective injuries and pain and suffering.[2] Clemons's alleged damages were not supported by the record or expert testimony. *See Krause Inc. v. Little*, 34 P.3d 566, 572 (Nev. 2001) (noting that damages for subjective injuries require support from expert medical testimony); *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 401 (Nev. 1967). Clemons's numerous MRIs and diagnostic tests revealed no structural abnormalities or evidence of TBI, and Clemons consistently had normal neurological examinations. Clemons also suffered from significant pre-existing conditions that the district court found were the actual causes of her neurological symptoms. Further, defense experts testified that her pain management treatments were not medically necessary or a result of the accident, and Clemons complained of and was treated for pain before the accident.

The district court's award of $4,320.12 in damages is plausible because Clemons failed to present evidence of a causal connection between the accident and her alleged subjective injuries and pain and suffering. *See Lerner*, 423 P.2d at 401; *Grover C. Dils Med. Ctr. v. Menditto*, 112 P.3d 1093, 1100 (Nev. 2005). And Clemons's stipulated injuries do not constitute the extreme circumstances that might

---

[2]     Nevada law governs the "components and measure of damages" for Clemons's claim. *See Shaw v. United States*, 741 F.2d 1202, 1205 (9th Cir. 1984).

24-510

justify reversing the district court's denial of pain and suffering damages. *See, e.g.,* *Donaldson v. Anderson*, 862 P.2d 1204, 1206–07 (Nev. 1993); *Arnold v. Mt. Wheeler Power Co.*, 707 P.2d 1137, 1139 (Nev. 1985). Thus, we will not disturb the district court's damages award because it is "plausible in light of the record," *Simeonoff*, 249 F.3d at 893 (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 574 (1985)), and the court is given significant discretion in assessing damages for pain and suffering, *Stackiewicz v. Nissan Motor Corp.*, 686 P.2d 925, 932 (Nev. 1984).

**AFFIRMED.**