PENNY PROCTOR, Appellant, v. ATTILIO CASTELLETTI, Respondent.

No. 25366

February 29, 1996                    911 P.2d 853

*Vannah Costello Howard & Canepa,* Las Vegas, for Appellant.

*Joel F. Hansen & Associates* and *Bradley M. Ballard,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

As a result of an automobile accident in which respondent Attilio Castelletti rear-ended appellant Penny Proctor, Proctor allegedly suffered extensive personal injuries. Proctor sued Castelletti. At trial, Castelletti sought to introduce evidence concerning payments Proctor received from a collateral source: disability insurance. Proctor objected to the introduction of this evidence on the ground that it would prejudice the jury's calculation of damages. However, the trial court allowed Castelletti to present the collateral source evidence on the ground that it was probative of Proctor's malingering. The jury returned a verdict in favor of Proctor for $7,000. This amount was less than the $150,000 Offer of Judgment that Castelletti presented to Proctor prior to trial. As a result, the district court awarded Castelletti

attorney fees and costs because she failed to recover more than the Offer of Judgment. NRS 17.115; NRCP 68; Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983). Proctor appeals, contending that the district court erred in admitting evidence of the collateral source payments and awarding Castelletti attorney fees.

Whether collateral source evidence is relevant to an issue at trial other than damages is one of first impression in Nevada.[1] We now adopt a *per se* rule barring the admission of a collateral source of payment for an injury into evidence for any purpose. Collateral source evidence inevitably prejudices the jury because it greatly increases the likelihood that a jury will reduce a plaintiff's award of damages because it knows the plaintiff is already receiving compensation.

We note that the United States Supreme Court adopted a *per se* rule against the introduction of collateral source evidence because it believed that the prejudicial impact of collateral source evidence *inevitably* outweighs the probative value of such evidence on the issue of a plaintiff's credibility and motives. Eichel v. New York Central Railroad Co., 375 U.S. 253 (1963). We believe the Supreme Court's reasoning in that case to be persuasive here. In *Eichel,* the Supreme Court was faced with a suit brought under the Federal Employers Liability Act (FELA) wherein the defendant sought to introduce evidence that the plaintiff had been receiving payments under the Railroad Retirement Act since his injury. *Id.* The Supreme Court held:

> [T]he likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension.

*Id.* at 317 (footnote omitted). Other jurisdictions have applied the same rationale in barring the admission of evidence of collateral source benefits for the purpose of showing that a plaintiff was malingering. *See, e.g.,* Reinan v. Pacific Motor Trucking Company, 527 P.2d 256 (Or. 1974).

Evidence of malingering is arguably probative. However, as the Supreme Court reasoned in *Eichel,* evidence of payments

---

[1]The collateral source rule provides "that if an injured party received some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." Hrnjak v. Graymar, Inc., 484 P.2d 599, 602 (Cal. 1971).

from a collateral source is unavoidably too prejudicial to be admitted for such a flimsy purpose. There is an ever-present danger that the jury will misuse the evidence to diminish the damage award. In sum, collateral source evidence should not be admitted because of the potential that the jury will misuse the evidence in a manner that is prejudicial to the plaintiff. It should not matter that the stated purpose of introducing the evidence is, arguably, probative. The excessive prejudicial nature of the evidence mandates its exclusion. That is, no matter how probative the evidence of a collateral source may be, it will never overcome the substantially prejudicial danger of the evidence.

Castelletti urges that this rule simply does not comport with NRS 48.025 and NRS 48.035 because it removes the trial court's discretion over the admissibility of evidence. While it is true that this rule eviscerates the trial court's discretion regarding this type of evidence, we nevertheless believe that there is no circumstance in which a district court can properly exercise its discretion in determining that collateral source evidence outweighs its prejudicial effect.

We hold that it was error for the district court to admit evidence of Proctor's receipt of disability insurance payments. We conclude that this error affected the substantial rights of Proctor, her right to a fair trial and her right to be fairly compensated for her injuries resulting from Castelletti's negligence, given that the issue of damages was sharply contested and the damage award was small in light of what Proctor sought to recover and Castelletti was willing to pay. Accordingly, we reverse the $7,000 judgment in favor of Proctor and the award of attorney fees and costs to Castelletti and remand the case for a new trial.

SPRINGER, J., concurring:
I concur in the result only.