BARRY J. LEE, APPELLANT, v. CHRISTOPHER G. BALL, RESPONDENT.

No. 41686

July 28, 2005                                    116 P.3d 64

---

claim, the insurer must timely appeal the decision or it loses its right to challenge the validity of the award).

[9]*See id.*

*Ronald M. Pehr,* Las Vegas, for Appellant.

*Piazza & Associates* and *Carl F. Piazza* and *David H. Putney,* Las Vegas, for Respondent.

Before MAUPIN, DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

By the Court, MAUPIN, J.:

In this appeal, we clarify that a district court's grant of additur is only appropriate when presented to the defendant as an alternative to a new trial on damages.

### FACTS AND PROCEDURAL HISTORY

The litigation below arose from a car accident in which the passenger in a vehicle, respondent Christopher Ball, sustained injuries after the driver, appellant Barry Lee, negligently turned into oncoming traffic. Ball sued Lee, alleging general and special damages. Unhappy with the results of court-annexed arbitration, Lee requested a trial de novo. Before trial, Lee served Ball with an offer of judgment for $8,011.46. After a two-day trial, the jury awarded Ball $1,300. Lee subsequently moved for costs and attorney fees because Ball failed to recover an amount in excess of the offer of judgment. Ball opposed this motion, requesting a new trial or, in the alternative, additur. After an untranscribed hearing, the district court granted an $8,200 additur and awarded Ball prejudgment interest but did not offer Lee the option of a new trial. The district court further calculated prejudgment interest using a prorata formula based on the differing statutory rates of interest in effect before the entry of final judgment. Lee appeals, arguing that the district court erred by granting an additur, failing to offer a new trial, and erroneously calculating prejudgment interest. As a result, Lee argues he is entitled to attorney fees and costs.

### DISCUSSION

*Additur*

Under *Drummond v. Mid-West Growers,*[1] Nevada courts have the power to condition an order for a new trial on acceptance of an additur.[2] In line with *Drummond,* our subsequent decisions have con-

---

[1]91 Nev. 698, 708-13, 542 P.2d 198, 205-08 (1975).

[2]*Id.* at 708, 542 P.2d at 205.

firmed a ''two-prong test for additur: (1) whether the damages are clearly inadequate, and (2) whether the case would be a proper one for granting a motion for a new trial limited to damages.''[3] If both prongs are met, then the district court has discretion to grant a new trial, unless the defendant consents to the court's additur.[4] The district court has broad discretion in determining motions for additur, and we will not disturb the court's determination unless that discretion has been abused.[5] However, granting additur in the absence of a demonstrable ground for a new trial is an abuse of discretion.

We conclude that Lee has failed to demonstrate that the district court abused its discretion in determining that additur was warranted. First, the hearing during which the district court orally granted additur was not reported, the parties have not provided a trial transcript in the record on appeal, and the parties have not otherwise favored us with the district court's oral explanation for granting Ball such relief.[6] Second, because the award was substantially less than the conceded proofs of special damages, there is at least some indication that the jury award was ''clearly inadequate'' in violation of the district court's instructions. Although the jury, acting reasonably, could have disbelieved Ball's evidence concerning alleged pain and suffering and reasonably inferred that he was not injured as severely as claimed,[7] and although the jury was not bound to assign any particular probative value to any evidence presented,[8] it is incumbent upon Lee to demonstrate that the additur, in and of itself, constitutes an abuse of discretion.[9] He has failed to do so.

We conclude, however, that the district court abused its discretion in failing to offer Lee the option of a new trial or acceptance of the additur. We clarify that, under *Drummond*, additur may not

---

[3]*Evans v. Dean Witter Reynolds, Inc.,* 116 Nev. 598, 616, 5 P.3d 1043, 1054 (2000) (citing *Drummond,* 91 Nev. at 705, 542 P.2d at 203).

[4]*Drummond,* 91 Nev. at 712, 542 P.2d at 208.

[5]*Donaldson v. Anderson,* 109 Nev. 1039, 1041, 862 P.2d 1204, 1206 (1993).

[6]*See Stover v. Las Vegas Int'l Country Club,* 95 Nev. 66, 68, 589 P.2d 671, 672 (1979) (stating ''[w]hen evidence on which a district court's judgment rests is not properly included in the record on appeal, it is assumed that the record supports the lower court's findings''). We further note that the district court's written order granting additur is silent as to the reasons for this award.

[7]*See Quintero v. McDonald,* 116 Nev. 1181, 1184, 14 P.3d 522, 524 (2000).

[8]*Id.*

[9]*See Wallace v. Haddock,* 825 A.2d 148, 151-52 (Conn. App. Ct. 2003) (declining to upset an award of additur when the appellant failed to provide transcripts and ''failed to seek any further articulation of the court's reasoning for granting the motion for an additur'').

stand alone as a discrete remedy; rather, it is only appropriate when presented to the defendant as an alternative to a new trial on damages.[10]

*Prejudgment interest*

Lee argues that the district court erred in calculating both the rate and period of prejudgment interest. We agree and conclude that the district court's calculation was plainly erroneous.[11]

Under NRS 17.130(2),[12] a judgment accrues interest from the date of the service of the summons and complaint until the date the judgment is satisfied. Unless provided for by contract or otherwise by law, the applicable rate for prejudgment interest is statutorily determined.[13] In determining what rate applies, NRS 17.130(2)

---

[10]*See Drummond,* 91 Nev. at 712, 542 P.2d at 208; *see also Donaldson,* 109 Nev. at 1043, 862 P.2d at 1207 (reversing a district court order and remanding with instructions to grant a new trial limited to damages, unless the defendant agreed to additur); *ITT Hartford Ins. Co. of the S.E. v. Owens,* 816 So. 2d 572, 575-76 (Fla. 2002) (holding the relevant Florida statute requires a trial court to give the defendant the option of a new trial when additur is granted); *Wallace,* 825 A.2d at 153 (finding the relevant Connecticut statute requires parties have the option of accepting additur or receive a new trial on the issue of damages); *Runia v. Marguth Agency, Inc.,* 437 N.W.2d 45, 50 (Minn. 1989) ("[A] new trial may be granted for excessive or inadequate damages and made conditional upon the party against whom the motion is directed consenting to a reduction or an increase of the verdict. Consent of the non-moving party continues to be required."); *Tucci v. Moore,* 875 S.W.2d 115, 116 (Mo. 1994) ("Additur requires that the party against whom the new trial would be granted have, instead, the option of agreeing to additur."); *Belanger by Belanger v. Teague,* 490 A.2d 772, 772 (N.H. 1985) (mem.) (holding "a jury verdict supplemented with an additur may go to judgment only if the defendant waives a new trial").

[11]*See Bradley v. Romeo,* 102 Nev. 103, 105, 716 P.2d 227, 228 (1986) ("The ability of this court to consider relevant issues *sua sponte* in order to prevent plain error is well established. Such is the case where a statute which is clearly controlling was not applied by the trial court." (citation omitted)).

[12]NRS 17.130(2) provides:

When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied.

[13]NRS 17.130(2); *see also Gibellini v. Klindt,* 110 Nev. 1201, 1208, 885 P.2d 540, 544-45 (1994) (holding that the "or specified in the judgment" language does not permit a judge to vary an interest rate outside of the statutory rate).

instructs courts to use the base prime rate percentage "as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent."

The district court calculated the rate of prejudgment interest using periodic biannual legal rates of interest in effect between May 27, 1999, and March 24, 2003. This was error. Under the plain language of NRS 17.130(2), the district court should have calculated prejudgment interest at the single rate in effect on the date of judgment.

The district court further determined that prejudgment interest accrued from May 27, 1999, to March 24, 2003. NRS 17.130(2) explicitly provides that "the judgment draws interest from the time of service of the summons and complaint until satisfied." Ball completed service of process on June 9, 1999, and the district court entered final judgment on March 29, 2003. Therefore, prejudgment interest accrued beginning June 9, 1999, not May 27, 1999. Accordingly, the district court also erred in calculating the period prejudgment interest accrued.

### CONCLUSION

We hold that the district court erred in granting an additur without providing Lee the option of accepting the additur or a new trial on damages and in calculating prejudgment interest. Accordingly, we reverse the district court's judgment and remand this matter for proceedings consistent with this opinion.

DOUGLAS and PARRAGUIRRE, JJ., concur.