An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GINGER MCDONALD, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ROBERT E. MCDONALD, II, Appellant, vs. KATIA H. ANDERSON, Respondent. | No. 60924 |
| GINGER MCDONALD, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ROBERT E. MCDONALD, II, Appellant, vs. KATIA H. ANDERSON, Respondent. | No. 61622 |

**FILED**

JUN 25 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court judgment on a jury verdict in a tort action and from post-judgment orders denying a new trial and awarding costs.[1] Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

This appeal arose from a contested automobile accident in which appellant Robert McDonald was rear-ended by respondent Katia Anderson in 2000 during work hours. An abscess developed on McDonald's neck that required drainage. During the surgical operation it

---

[1]Appellant Robert McDonald asserts in his opening brief that he reserves the right to challenge the fees and costs but makes no further argument.

14-20900

was discovered that he had stage four cancer of the larynx. Due to swelling in his throat, there were intubation problems that resulted in complications.

McDonald sought relief from the workers' compensation board, which decided that part of the disability was related to the accident, but most of it was related to the cancer. Meanwhile, McDonald also sued Anderson for his injuries. Prior to trial, the district court granted McDonald's motion to exclude any evidence regarding workers' compensation. However, during the trial, the parties stipulated to allow in some evidence of the workers' compensation claim to put the case in context. Evidence of workers' compensation was limited to passing references made during depositions that were read to the jury. The jury was never instructed or presented evidence that McDonald received workers' compensation benefits. However, Anderson's counsel then made a reference to workers' compensation during closing argument, insinuating that McDonald was being or had been compensated by some other entity. Counsel stated that "[t]hat does not mean that Mr. McDonald has not received compensation but it simply means that my client does not have to pay for that." McDonald's counsel failed to object to this statement. The jury ultimately found for Anderson and McDonald appealed.

On appeal, McDonald argues that a new trial is warranted based on defense counsel's comment during closing argument. We conclude that while the statement did not explicitly state that there was a collateral source of payment, where the alleged payment might have come from, or the payment amount, the statement was still improper because it suggested to the jury that McDonald had received compensation for his

injury. *See Proctor v. Castelletti*, 112 Nev. 88, 90, 911 P.2d 853, 854 (1996) (explaining that this court has adopted a *"per se* rule barring the admission of a collateral source of payment for an injury into evidence for any purpose"); *Cramer v. Peavy*, 116 Nev. 575, 580-82, 3 P.3d 665, 669-70 (2000) (recognizing an exception limited to the introduction of workers' compensation payments); *Lioce v. Cohen*, 124 Nev. 1, 20, 174 P.3d 970, 982 (2008) (reviewing the existence of attorney misconduct de novo).

Accordingly, we must assess potential prejudice. When a party fails to object to attorney misconduct, we "will reverse the judgment only when the misconduct amounted to 'irreparable and fundamental error . . . that results in a substantial impairment of justice or denial of fundamental rights such that, but for the misconduct, the verdict would have been different.'" *Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 364, 212 P.3d 1068, 1079 (2009) (alteration in original) (quoting *Lioce*, 124 Nev. at 19, 174 P.3d at 982).

In light of the evidence presented at trial, we decline to overturn the jury's verdict. The evidence demonstrated that McDonald's injuries could not be definitively tied to the motor vehicle accident—there was no evidence that the accident caused a hematoma that resulted in the abscess, only that the scenario was one of a few possible causes of the abscess. The evidence showed that irritation in McDonald's throat, likely caused by the cancer, caused the intubation problems. Moreover, evidence was presented that McDonald was told before the accident to check on a lump in his throat. Thus, while we conclude that the reference to compensation in closing arguments constituted misconduct, McDonald

was not entitled to a new trial because he failed to demonstrate that, but for the un-objected-to misconduct, the verdict would have been different. *See Lioce,* 124 Nev. at 19-20, 174 P.3d at 982.

Accordingly, we[2]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Mark R. Denton, District Judge
William C. Turner, Settlement Judge
Potter Law Offices
Hansen Rasmussen, LLC
Eighth District Court Clerk

---

[2]Because we are affirming the district court's decision, the issue concerning McDonald's bankruptcy is rendered moot.