# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID HENRY FRANCE,
Appellant,
vs.
GARRIT BRAKKEE, INDIVIDUALLY,
Respondent.

No. 64616

**FILED**

APR 0 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment and denial of a motion for a new trial in a personal injury action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant David France and respondent Garrit Brakkee were involved in a car accident in December 2005 in which France was injured. France later applied for social security disability benefits and was examined by Dr. Jerrold Sherman to determine the degree of his disability. France's application was denied and he received no benefits.

France initiated an action in tort against Brakkee. At trial, Brakkee disputed the length of time that France suffered pain, the necessity of future medical care, and the medical recommendation of a future surgical procedure. Brakkee moved to introduce France's social security disability application and the accompanying medical report into evidence. The district court granted Brakkee's motion, with an order that the documents be redacted to remove any mention of social security benefits.

The jury awarded France $275,000 for past medical expenses and $90,000 for past pain and suffering, but made no award for future medical expenses or for future pain and suffering. France moved for additur or, in the alternative, a new trial, which the district court denied.

16-10335

In this appeal, France argues the district court erred by denying his motion for additur or, in the alternative, a new trial as to damages. France contends (1) that he is entitled to a new trial for various errors under NRCP 59(a), and (2) that the jury award was clearly inadequate. We conclude that the district court did not abuse its discretion in denying France's motion for a new trial under NRCP 59(a) and in determining the jury award was adequate.

*The district court did not err by denying France's motion for a new trial under NRCP 59(a)*

France argues the district court erred by denying his motion for a new trial under NRCP 59(a). We disagree.

A new trial may be granted pursuant to NRCP 59(a) where an aggrieved party's substantial rights have been materially affected by any of the following:

(1) Irregularity in the proceedings of the court, jury, master, or adverse party, or any order of the court or master, or abuse of discretion by which either party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against; . . .

(5) Manifest disregard by the jury of the instructions of the court; . . . or,

(7) Error in law occurring at the trial and objected to by the party making the motion.

NRCP 59(a).

"The decision to grant or deny a motion for new trial rests within the sound discretion of the trial court and will not be disturbed on appeal absent palpable abuse." *S. Pac. Transp. Co. v. Fitzgerald*, 94 Nev. 241, 244, 577 P.2d 1234, 1236 (1978). "While review for abuse of

discretion is ordinarily deferential, deference is not owed to legal error." *Bayerische Motoren Werke Aktiengesellschaft v. Roth*, 127 Nev. 122, 133, 252 P.3d 649, 657 (2011) (quoting *AA Primo Builders v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010)); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."). The district court did not abuse its discretion in denying the motion for a new trial.

*The district court did not err in concluding that the length of trial and the alleged juror misconduct did not warrant a new trial under NRCP 59(a)*

France argues the district court erred in denying his motion for a new trial because the length of trial and alleged juror misconduct warrant a new trial under NRCP 59(a). We disagree.

The district court was only permitted to consider juror Runyon's affidavit to the extent that it recounted what physically occurred during deliberations, not how any of the evidence admitted at trial affected the jurors' mental processes, or the effect that any misconduct had upon the jurors. *Pappas v. State ex rel. Dep't of Transp.*, 104 Nev. 572, 575, 763 P.2d 348, 349 (1988) ("[W]hile juror affidavits may properly be admitted to show what physically transpired in the jury room, they are inadmissible for proving the jurors' mental processes or the effects of alleged misconduct upon jurors."). Runyon's claims regarding what jurors said or believed concerning collateral sources, how the foreperson's conduct affected other jurors, and how the length of trial affected the juror's mental processes cannot be considered. Thus, the district court acted within its discretion in determining that the alleged juror

misconduct and the length of trial did not amount to an irregularity in the proceedings sufficient to justify a new trial under NRCP 59.

*The district court did not abuse its discretion by admitting Dr. Sherman's report*

France argues the district court erred by not granting a new trial under NRCP 59(a) based on the admission of Dr. Sherman's report. We disagree.

A district court's decision to admit hearsay evidence will not be disturbed on appeal absent an abuse of discretion. *Fields v. State*, 125 Nev. 785, 795, 220 P.3d 709, 716 (2009). Here, Dr. Sherman's report is admissible hearsay under NRS 51.135 as a record or report created in the course of a regularly conducted activity. Accordingly, the district court acted within its discretion in determining that the report did not constitute an error sufficient to warrant a new trial under NRCP 59.

*The district court did not abuse its discretion by admitting Dr. Brandner's testimony*

France argues the district court erred by admitting Dr. Patrick Brandner's testimony. We disagree.

"The admissibility of expert testimony, as well as of the qualifications of the expert, lies within the sound discretion of the trial court." *Childers v. State*, 100 Nev. 280, 283, 680 P.2d 598, 600 (1984). "The district court has 'wide discretion' to determine the admissibility of expert testimony on a 'case-by-case basis.'" *Brant v. State*, 130 Nev., Adv. Op. 97, 340 P.3d 576, 579 (2014) (quoting *Higgs v. State*, 126 Nev. 1, 18, 222 P.3d 648, 659 (2010)). Here, it was reasonable for the district court to conclude that Dr. Brandner was qualified to provide expert testimony with regard to the field of spinal injuries and the diagnosis of spinal injuries based on radiological scans. Accordingly, the district court acted within its

discretion in determining Dr. Brandner's testimony did not constitute a surprise or error sufficient to warrant a new trial under NRCP 59.

*France is estopped from challenging the admissibility of Dr. Sherman's report and the social security benefits application*

France argues that the district court erred by admitting Dr. Sherman's report and the social security benefits application into evidence because it allowed the jury to consider collateral source evidence. In general, this court has adopted a per se rule barring the admission of evidence of collateral source payments. *Proctor v. Castelletti*, 112 Nev. 88, 90-91, 911 P.2d 853, 854 (1996) ("[N]o matter how probative the evidence of a collateral source may be, it will never overcome the substantially prejudicial danger of the evidence."). However, "a party will not be heard to complain on appeal of errors which he himself induced or provoked the court or the opposite party to commit. . . . [I]t is sufficient that the party who on appeal complains of the error has contributed to it." *Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345 (1994) (quoting 5 Am. Jur. 2d *Appeal and Error* § 713 (1962)); *see also Taylor v. State*, 109 Nev. 849, 856–57, 858 P.2d 843, 848 (1993) (Shearing, J., concurring in part and dissenting in part) (stating that the invited error doctrine "establish[es] that ordinarily inadmissible evidence may be rendered admissible when the complaining party is the party who first broached the issue").

Here, Brakkee moved to have France's application for social security benefits and the accompanying report admitted into evidence. The district court granted Brakkee's motion and ordered the report and application be redacted such that the jury would not be informed that it was an application for social security benefits. However, France disclosed the nature of the application to the jury on the first day of trial. As such, the doctrines of invited error and estoppel preclude France from

SUPREME COURT
OF
NEVADA

(0) 1947A

5

challenging the admissibility of Dr. Sherman's report and France's application on these grounds. *Topaz Mut. Co. v. Marsh*, 108 Nev. 845, 853, 839 P.2d 606, 611 (1992) ("Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct.").

*The district court did not err in denying France's motion for additur*

France argues the district court erred in denying his motion for additur because the jury award was inadequate. We disagree.

"The [district] court is afforded great discretion in deciding motions for additur." *Donaldson v. Anderson*, 109 Nev. 1039, 1041, 862 P.2d 1204, 1206 (1993). "Such . . . decision[s] will remain undisturbed absent an abuse of that discretion." *Id.*; *see also Lee v. Ball*, 121 Nev. 391, 394, 116 P.3d 64, 66 (2005).

To obtain an additur, the moving party must establish that the damages awarded were clearly inadequate and the case is a "proper one for granting a motion for a new trial limited to damages." *Winchell v. Schiff*, 124 Nev. 938, 949, 193 P.3d 946, 953 (2008) (internal quotation marks omitted). "[I]n practical application there is only one primary consideration. . . . [I]f damages are clearly inadequate or shocking to the court's conscience, additur is a proper form of appellate relief." *Donaldson*, 109 Nev. at 1042, 862 P.2d at 1206 (internal quotation marks omitted) (citing *Arnold v. Mt. Wheeler Power*, 101 Nev. 612, 614, 707 P.2d 1137, 1139 (1985)).

Here, the jury heard conflicting testimony regarding the nature and extent of France's injuries and the necessity of future medical treatment. Additionally, the parties introduced significant contradictory evidence regarding the nature and extent of France's injuries. Thus, the jury's award was supported by substantial evidence. Accordingly, the

district court did not abuse its discretion in denying France's motion for additur.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc: Hon. Rob Bare, District Judge
John Walter Boyer, Settlement Judge
Law Office of Justin Patrick Stovall
Stovall & Associates
Atkin Winner & Sherrod
Eighth Judicial District Court Clerk

_____

[1]We have considered the parties' remaining arguments and conclude they are without merit.