# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT PADILLA,
Appellant/Cross-Respondent,
vs.
JACOB HUNT,
Respondent/Cross-Appellant.

No. 72191

FILED

JUL 3 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal and cross-appeal from a judgment after a jury verdict in a personal injury action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Robert Padilla struck Jacob Hunt with his car while Hunt was riding his bicycle in Reno. The jury awarded Hunt $76,560.50 in past damages and zero future damages. Post-judgment, Hunt filed a motion for additur or, in the alternative, a new trial, and Padilla filed a motion for remittitur and to offset the verdict with sums paid by his insurer to the hospital that treated Jacob. The district court denied the motions and both parties now appeal.

We first address Padilla's argument that the district court erred in not granting his motion for remittitur and offset. Before trial, Padilla's insurer negotiated with one of Hunt's medical providers, a hospital, to pay a reduced amount to satisfy the $60,438.50 lien it had placed on any claims Hunt made against Padilla or Padilla's insurer. Padilla argues that this payment was not from a collateral source, and that the satisfaction of the

lien should therefore be offset from the final judgment amount.[1] Padilla concedes, however, that because the final judgment did not break down the award of past damages, the maximum amount of the judgment that can be attributable to the hospital lien—and therefore the maximum amount that can be offset from the final judgment—is $47,140.03.[2] Hunt argues that the district court was correct in refusing to offset the final judgment because the payment was from a collateral source. Whether Padilla's insurer's payment was a collateral source that should offset the final judgment presents a question of law that we review de novo. *See Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010) ("Appellate issues involving a purely legal question are reviewed de novo."); *Proctor v. Castelletti*, 112 Nev. 88, 911 P.2d 853 (1996) (appearing to review application of the collateral source rule de novo).

"The collateral source rule provides that if an injured party received some compensation for his injuries *from a source wholly independent from the tortfeasor*, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." *Proctor*, 112 Nev. at 90 n.1, 911 P.2d at 854 n.1 (emphasis added; internal quotation marks omitted). Here, the payment from Padilla's insurer cannot be considered "wholly independent" from Padilla as

---

[1] At oral argument on this case, Padilla's counsel confirmed that Padilla was only concerned with a post-judgment offset, and was not seeking reversal based on an argument that evidence of the insurer's payment should have been admitted as evidence for the jury's consideration during trial.

[2] This calculation represents the jury award for past damages ($64,560.50) minus all of the medical bills that Padilla's insurer did not satisfy prior to trial (totaling $17,420.47).

Padilla is the person that purchased the insurance and was paying for its benefits. *See Winchell v. Schiff*, 124 Nev. 938, 946, 193 P.3d 946, 951 (2008) (noting that the court was "not convinced" that the injured party's recovery under an insurance policy that the injured party was contractually required to maintain for the benefit of the tortfeasor was from a source "wholly independent" of the tortfeasor, but deciding the case on indemnity grounds); *see also* 2 *American Law of Torts* § 8:16 (2017) ("The authorities are well agreed that payments from the tortfeasor himself or herself *or through or by the defendant's insurer* are not subject to the collateral source rule and may be shown in mitigation or reduction of recovery.") (emphasis added); 2 *Stein on Personal Injury Damages* § 13:5 (2017) ("the collateral source rule [does not] apply to payments made to the plaintiff by the defendant's liability insurer"). The district court therefore erred in treating Padilla's insurer's payment as a collateral source and refusing to provide an offset from the final judgment; Padilla is entitled to an offset of $47,140.03 from the final judgment.

We next address Hunt's argument on cross-appeal that the district court erred in denying his post-judgment for additur or, in the alternative, a new trial, because the damages award was clearly inadequate. Before trial, the district court granted Hunt's motion in limine to exclude all evidence regarding Hunt's criminal history. Padilla violated this order by eliciting testimony from the police officer responding to the accident that he had previously arrested Hunt for solicitation. Hunt asserts that despite his immediate objection, the court's admonishment, and the curative instruction to the jury, the misconduct's prejudicial effect remained: Hunt was painted in a poor light because he was homeless, unable to hold a steady job, and held unconventional beliefs. He further

asserts that this prejudice manifested itself in the jury award, which did not award the full amount Hunt requested for past damages, despite documentary evidence clearly supporting those amounts, and awarded nothing for future damages, despite evidence that Hunt needed additional medical care and that his ability to earn income was impeded by his injuries. Padilla does not dispute that misconduct occurred, but contends that there was no evidence that the officer's testimony impacted the jury verdict and that there was conflicting testimony given regarding the extent of Padilla's injuries which supported the jury's verdict, thus the district court properly denied Hunt's motion. We review denials of motions for a new trial and additur for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 74, 319 P.3d 606, 611 (2014) (new trial); *Lee v. Ball*, 121 Nev. 391, 394, 116 P.3d 64, 66 (2005) (additur).

Nevada courts may condition an order for a new trial on acceptance of an additur. *Lee*, 121 Nev. at 393, 116 P.3d at 66. Additur is appropriate when (1) the damages are clearly inadequate and (2) it would be proper to grant a new trial as to damages only. *Id.* at 394, 116 P.3d at 66. "If both prongs are met, then the district court has the discretion to grant a new trial, unless the defendant consents to the court's additur." *Id.* We conclude that the district court abused its discretion in denying Hunt's post-trial motion because the damages award was clearly inadequate. The award for past damages did not even cover Hunt's proven medical expenses and there was no award for future damages despite evidence that Hunt needed future medical care and would suffer a loss of the income he had been able to earn in the past through carpentry and other skilled labor.

Because the district court abused its discretion, we reverse the district court's order and remand with instructions to grant a new trial

limited to damages, unless Padilla agrees to a $70,000 additur. Padilla will have twenty days to accept or reject this amount from the date a corresponding order is entered by the district court.

It is so ORDERED.[3]

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Scott N. Freeman, District Judge
Carolyn Worrell, Settlement Judge
Robertson, Johnson, Miller & Williamson
Coulter Harsh Law
Lemons, Grundy & Eisenberg
Galloway & Jensen
Washoe District Court Clerk

_____

[3]On May 24, 2018, after oral arguments were held in this case, the Nevada Justice Association filed a motion for leave to file an amicus brief. Specifically, it sought to address the propriety of Padilla's insurer contacting Hunt's medical provider and negotiating a payment to satisfy Hunt's medical bills. The parties did not raise this issue, however, and have therefore waived it. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (considering waived arguments not raised in a party's opening brief). As such, we deny the motion. Additionally, we have considered the parties' remaining arguments and conclude that they do not warrant relief.