# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT RYLES, INDIVIDUALLY,
Appellant,
vs.
JASON HOLLOWAY, INDIVIDUALLY,
Respondent.

No. 74733

**FILED**

SEP 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This appeal is taken from a jury verdict, a post-judgment order denying a motion for a new trial or alternatively additur, and a post-judgment order awarding costs in a tort action. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

Following a car accident caused by respondent Jason Holloway running a red light, appellant Robert Ryles brought a negligence suit against him. Ryles alleged the car accident left him seriously injured. At trial, Holloway conceded he breached his duty to exercise ordinary care by running the red light, but denied that he caused Ryles to sustain multiple debilitating injuries requiring extensive medical care. After the jury returned a verdict for Holloway, Holloway moved for attorney fees, costs, and prejudgment interest. Ryles opposed this motion, and moved for a new trial or alternatively for additur of $625,548.11. The district court denied Ryles' motion for a new trial or additur, denied Holloway's motion for attorney fees, and granted Holloway's requests for costs and prejudgment interest.

*The district court did not abuse its discretion in denying the motion for a new trial*

Ryles argues the district court abused its discretion by denying his motion for a new trial on multiple grounds. Additionally, Ryles contends the judgment against him must be vacated because the district court did

19-40284

not sufficiently explain its reasoning for denying his motion for a new trial. We review "a district court's decision to grant or deny a motion for a new trial for an abuse of discretion." *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 74, 319 P.3d 606, 611 (2014). Under NRCP 59(a)(1), a district court may grant a motion for a new trial on all, or some issues, for any of the enumerated "causes or grounds materially affecting the substantial rights of the moving party[.]"

First, Ryles contends he was entitled to a new trial because the testimony of Holloway's expert witnesses went beyond the scope of their expert reports. A district court's decision to allow expert testimony is reviewed for abuse of discretion. *Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014). The record reflects that Holloway's medical expert did not testify beyond the scope of his expert report and his comment regarding Ryles' surgical candidacy was sustained. It further demonstrates that although Holloway's non-medical expert testified beyond the scope of his expertise, the district court timely sustained Ryles' objection such that there was no prejudice.

Second, Ryles argues the district court abused its discretion by allowing Holloway to ask an expert witness, during cross examination, about a theory of defense and on inadmissible, non-peer reviewed materials. We review a district court's "decision to admit or exclude evidence for abuse of discretion," and it will not be disturbed "absent a showing of palpable abuse." *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev. 760, 764-65, 312 P.3d 503, 507 (2013). The district court did not abuse its discretion as Holloway's questions were within the proper scope of cross examination per *Hallmark v. Eldridge*, 124 Nev. 492, 500–02, 189 P.3d 646, 651–52

(2008) and *Williams v. Eighth Judicial District Court,* 127 Nev. 518, 529-30, 262 P.3d 360, 367-68 (2011).

Third, Ryles claims he was entitled to a new trial because the district court refused to instruct the jury that a negligent defendant is responsible for the damages arising from his negligence. "We will review a district court's decision to give a particular instruction for an abuse of discretion or judicial error." *Banks ex rel. Banks v. Sunrise Hosp.,* 120 Nev. 822, 832, 102 P.3d 52, 59 (2004). The jury was adequately instructed on every theory of Ryles' case supported by the evidence presented at trial such that the district court did not abuse its discretion in denying Ryles his requested jury instruction.

Fourth, Ryles argues the district court's repeated admonishments of Ryles' attorney's use of "I" throughout closing argument prejudiced Ryles such that he was entitled to a new trial. "Whether an attorney's comments are misconduct is a question of law, which we review de novo; however, we will give deference to the district court's factual findings and application of the standards to the facts." *Lioce v. Cohen,* 124 Nev. 1, 20, 174 P.3d 970, 982 (2008). "When an attorney commits misconduct, and an opposing party objects, the district court should sustain the objection and admonish the jury and counsel, respectively, by advising the jury about the impropriety of counsel's conduct and reprimanding or cautioning counsel against such misconduct." *Gunderson,* 130 Nev. at 75, 319 P.3d at 611–12.

Nevada Rules of Professional Conduct, Rule 3.4(e) mandates that "[a] lawyer shall not . . . [i]n trial . . . state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused." We conclude the district

SUPREME COURT OF NEVADA

(O) 1947A

court did not abuse its discretion by admonishing Ryles' attorney multiple times throughout closing for his improper interjection of his personal opinions.

In considering each of Ryles' claims, we conclude the district court did not abuse its discretion in denying Ryles' motion for a new trial because Ryles did not demonstrate his entitlement to such under NRCP 59(a)(1). As to the specificity of this denial, although district courts are strongly encouraged to specify the reasoning behind decisions, the district court was not required to do so here. We reject Ryles' reliance upon *Lioce*, 124 Nev. at 19–20, 174 P.3d at 982 because *Lioce* only requires a district court to make specific findings in its order or in the oral proceedings on a motion for a new trial based when such a motion is based upon alleged attorney misconduct. *See Knipes v. State*, 124 Nev. 927, 932, n.8, 192 P.3d 1178, 1181, n.8 (2008). Thus, we reject Ryles claim of error based upon lack of specificity in the district court order denying Ryles' motion for a new trial and affirm district court's denial of Ryles' motion for a new trial.

*The district court did not abuse its discretion by denying additur*

Ryles contests the district court's denial of his motion for additur based on Holloway's admission of liability for causing the accident by running the red light, the concession of Holloway's expert witness that some of Ryles' damages would be recoverable when framed under a hypothetical where this expert witness found Ryles credible, and because Holloway did not specifically object to Ryles' requested $625,548.11 figure when objecting to additur as a whole.

Motions of additur will not be overturned on appeal unless an abuse of discretion is demonstrated. *See Donaldson v. Anderson*, 109 Nev. 1039, 1041, 862 P.2d 1204, 1206 (1993). A district court abuses its

discretion if it grants additur absent the demonstration of a proper ground for a new trial. *Lee v. Ball*, 121 Nev. 391, 393–94, 116 P.3d 64, 66 (2005). "[A]dditur may not stand alone as a discrete remedy; rather, it is only appropriate when presented to the defendant as an alternative to a new trial on damages." *Id.* at 394–95, 116 P.3d 64, 66–67 (2005).

One may be entitled to the post-judgment relief of additur if the damages awarded are "clearly inadequate" such that it is proper to order a new trial on damages. *Drummond v. Mid-West Growers*, 91 Nev. 698, 712-13, 542 P.2d 198, 208 (1975). We conclude the district court did not abuse its discretion in denying Ryles' request for additur. As a threshold matter, the district court would have abused its discretion had it granted Ryles' request because doing so would overrule the determination of the jury that Ryles was not entitled to damages. *See Lee*, 121 Nev. at 393–94, 116 P.3d at 66. Ryles did not establish the necessary requirements under *Drummond*, 91 Nev. at 712-13, 542 P.2d at 208 to support an award of additur, especially because it cannot be established, based on the jury's determination that Ryles was not entitled to *any* damages, that the lack of damages was "clearly inadequate." *See id.* Thus, the district court's denial of Ryles' request for additur is affirmed.

*The district court did not abuse its discretion by awarding reasonable costs to the prevailing party*

Ryles challenges the district court's award of $19,814.30 in costs to Holloway. We review awards of costs for abuse of discretion and will not reverse such awards on appeal so long as substantial evidence supports them. *Logan v. Abe*, 131 Nev. 260, 266 350 P.3d 1139, 1144 (2015).

Awarded "costs must be reasonable, necessary, and actually incurred." *Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120, 345 P.3d 1049, 1054 (2015). "To support an award of costs, justifying documentation

must be provided to the district court to 'demonstrate how such [claimed costs] were necessary to and incurred in the present action.' "Justifying documentation means something more than a memorandum of costs." *Matter of DISH Network Derivative Litig.*, 133 Nev.438, 452, 401 P.3d 1081, 1093 (2017) (internal citations and quotation marks omitted). "NRS 18.110(1) requires a party to file and serve 'a memorandum [of costs] . . . verified by the oath of the party . . . stating that to the best of his or her knowledge and belief the items are correct, and that the costs have been necessarily incurred in the action or proceeding.'" *Cadle Co.*, 131 Nev. at 120, 345 P.3d at 1054. The record demonstrates that the district court did not abuse its discretion in awarding costs to Holloway as Holloway demonstrated the proper documentation to support his entitlement as the prevailing party. Therefore, the district court's award of costs to Holloway is affirmed.

Accordingly, we ORDER the judgment of the district court AFFIRMED in its entirety.

_____ , J.
Hardesty

_____ , J.
Stiglich

_____ , J.
Silver

cc:  Hon. David M. Jones, District Judge
     Thomas J. Tanksley, Settlement Judge
     Bertoldo Baker Carter & Smith

Marquis Aurbach Coffing
Messner Reeves LLP
Eighth District Court Clerk